UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

TIFFANY RECINOS,

   Plaintiff,

v.

MAXIM HEALTHCARE SERVICES INC., et al.,

   Defendants.

CASE NO. 3:23-CV-5154-DGE

ORDER RENOTING APPLICATION TO PROCEED *IN FORMA PAUPERIS*

The District Court has referred Plaintiff's pending Application to Proceed *In Forma Pauperis* ("IFP") and Proposed Complaint to United States Chief Magistrate Judge David W. Christel pursuant to Amended General Order 11-22. On February 27, 2023, Plaintiff Tiffany Recinos filed a proposed civil complaint and application to proceed *in forma pauperis* ("IFP"), that is, without paying the filing fee for a civil case. *See* Dkt. 1.

**Standard for Granting Application for IFP.** The district court may permit indigent litigants to proceed IFP upon completion of a proper affidavit of indigency. *See* 28 U.S.C. § 1915(a). However, the court has broad discretion in denying an application to proceed IFP. *Weller v. Dickson*, 314 F.2d 598 (9th Cir. 1963), *cert. denied* 375 U.S. 845 (1963).

**Plaintiff's Application to Proceed IFP.** Plaintiff states that she is unemployed. *See* Dkt. 1 at 1. Plaintiff receives $1,848 per month in disability, unemployment, workers compensation or public assistance. *Id*. She has $200 in cash on hand, $200 in her checking account, and $8,000 in her savings account. *Id*. at p. 2. Plaintiff has no assets and states her monthly expenses vary. *Id*. Plaintiff states she is "on disability for PTSD, otherwise unemployed." *Id*.

**Review of the Complaint.** The Court has carefully reviewed the proposed complaint in this matter. Because Plaintiff filed this proposed complaint *pro se*, the Court has construed the pleadings liberally and has afforded Plaintiff the benefit of any doubt. *See Karim-Panahi v. Los Angeles Police Dep't*, 839 F.2d 621, 623 (9th Cir.1988).

In the proposed complaint, Plaintiff states Defendants Maxim Healthcare Services Inc., Paige Steeves, Rachael McMeel, and Robyn terminated Plaintiff's employment on October 31, 2021, because Plaintiff did not obtain a Covid-19 immunization. Dkt. 1-1. Plaintiff asserts she had a religious exemption but was still terminated for not getting immunized. *Id*. Plaintiff also alleges that she obtained the immunization yet was not re-hired and now suffers complications from the vaccine. *Id*.

***Sua Sponte* Dismissal – Standard on Rule 12 (b).** Pursuant to Fed. R. Civ. P. 12(b), a case may be dismissed for "(1) lack of subject matter jurisdiction; (2) lack of personal jurisdiction; (3) improper venue; (4) insufficient process; (5) insufficient service of process; (6) failure to state a claim upon which relief can be granted; and (7) failure to join a party under Rule 19." Under Fed. R. Civ. P. 12b)(6), a federal court may dismiss a case *sua sponte* when it is clear that the plaintiff has not stated a claim upon which relief may be granted. *See Omar v. Sea-Land Serv., Inc.*, 813 F.2d 986, 991 (9th Cir.1987) ("A trial court may dismiss a claim *sua sponte* under Fed. R. Civ. P. 12 (b)(6). Such a dismissal may be made without notice where the claimant

cannot possibly win relief."). *See also Mallard v. United States Dist. Court*, 490 U.S. 296, 307-08 (1989) (there is little doubt a federal court would have the power to dismiss frivolous complaint *sua sponte*, even in absence of an express statutory provision). A complaint is frivolous when it has no arguable basis in law or fact. *Franklin v. Murphy*, 745 F.2d 1221, 1228 (9th Cir. 1984).

**Analysis of Plaintiff's Claims**. Plaintiff brings claims under Title VII of the Civil Rights Act of 1964, the Americans with Disabilities Act ("ADA"), and the Rehabilitation Act of 1973. Dkt. 1-1. Plaintiff does not sufficiently allege that she exhausted her administrative remedies prior to initiating this action. Plaintiff was required to file her claims with the Equal Employment Opportunity Commission ("EEOC") before bringing suit in this Court. *See Jasch v. Potter*, 302 F.3d 1092, 1094 (9th Cir. 2002) (EEOC charge required prior to initiating Title VII action); *Santa Maria v. Pacific Bell*, 202 F.3d 1170, 1176 (9th Cir. 2000) (EEOC charge required prior to initiating ADA action); *Wilson v. MVM, Inc.*, 475 F.3d 166, 173 (3rd Cir. 2007) (Rehabilitation Act adopts Title VII procedures). Plaintiff states the EEOC has not issued a Notice of Right to Sue letter. "In order for a court to have subject matter jurisdiction . . . , an individual is required to exhaust his administrative remedies by . . . 'filing a timely charge with the EEOC, or the appropriate state agency, thereby affording the agency an opportunity to investigate the charge.'" *Arthur v. Whitman Cty.*, 24 F. Supp. 3d 1024, 1031 (E.D. Wash. 2014) (quoting *B.K.B. v. Maui Police Dep't*, 276 F.3d 1091, 1099 (9th Cir. 2002)). Plaintiff states the EEOC has not issued a right-to-sue letter. Therefore, this Court lacks subject matter jurisdiction. Plaintiff must show cause why this case should not be dismissed.

**Decision on Application to Proceed IFP**. A district court may deny leave to proceed *in forma pauperis* at the outset if it appears from the face of the proposed complaint that the action

is frivolous or without merit. *Minetti v. Port of Seattle*, 152 F.3d 1113 (9th Cir. 1998) (quoting *Tripati v. First Nat'l Bank & Trust*, 821 F. 2d 1368, 1370 (9th Cir. 1987)).

Based upon the above analysis of the deficiencies in the proposed complaint, the Court finds it appropriate to re-note Plaintiff's application to proceed IFP (Dkt. 1) to April 27, 2023.

**Conclusion.** If Plaintiff intends to pursue this action, she is directed to file response to this Order on or before **APRIL 27, 2023**. In the response, Plaintiff is directed to provide evidence that she has exhausted her administrative remedies and that this case is timely filed. If Plaintiff fails to respond to this Order, the undersigned will recommend that the Application to Proceed IFP be denied and that the case be closed.

If Plaintiff submits an adequate response to the order to show cause, the Court will further consider the Application to Proceed IFP. The Clerk is directed to re-note the Application to Proceed IFP (Dkt. 1) for consideration to **APRIL 27, 2023**.

Dated this 29th day of March, 2023.

David W. Christel
Chief United States Magistrate Judge