UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

TIFFANY RECINOS,

    Plaintiff,

v.

MAXIM HEALTHCARE SERVICES INC., et al.,

    Defendants.

CASE NO. 3:23-CV-5154-DGE

REPORT AND RECOMMENDATION

Noting Date: May 26, 2023

The District Court has referred Plaintiff's pending Application to Proceed *In Forma Pauperis* ("IFP") and Proposed Complaint to United States Chief Magistrate Judge David W. Christel pursuant to Amended General Order 11-22. On February 27, 2023, Plaintiff Tiffany Recinos filed a proposed civil complaint and application to proceed *in forma pauperis* ("IFP"), that is, without paying the filing fee for a civil case. *See* Dkt. 1. The Court screened Plaintiff's proposed complaint, identified deficiencies in the proposed complaint, and directed Plaintiff to file an amended complaint curing the deficiencies. Dkt. 6. On April 4, 2023, Plaintiff filed a "response and amended complaint." Dkt. 7. After screening the response and amended

REPORT AND RECOMMENDATION - 1

complaint, the Court recommends the application to proceed IFP be denied and this case be dismissed without prejudice.

**Standard for Granting Application for IFP.** The district court may permit indigent litigants to proceed IFP upon completion of a proper affidavit of indigency. *See* 28 U.S.C. § 1915(a). However, the court has broad discretion in denying an application to proceed IFP. *Weller v. Dickson*, 314 F.2d 598 (9th Cir. 1963), *cert. denied* 375 U.S. 845 (1963).

**Plaintiff's Application to Proceed IFP.** Plaintiff states that she is unemployed. *See* Dkt. 1 at 1. Plaintiff receives $1,848 per month in disability, unemployment, workers compensation or public assistance. *Id*. She has $200 in cash on hand, $200 in her checking account, and $8,000 in her savings account. *Id*. at p. 2. Plaintiff has no assets and states her monthly expenses vary. *Id*. Plaintiff states she is "on disability for PTSD, otherwise unemployed." *Id*.

**Review of the Complaint.** The Court has carefully reviewed the proposed complaint in this matter. Because Plaintiff filed this proposed complaint *pro se*, the Court has construed the pleadings liberally and has afforded Plaintiff the benefit of any doubt. *See Karim-Panahi v. Los Angeles Police Dep't*, 839 F.2d 621, 623 (9th Cir.1988).

Plaintiff alleges Defendants Maxim Healthcare Services Inc., Paige Steeves, Rachael McMeel, and Robyn terminated Plaintiff's employment October of 2021 because Plaintiff did not obtain a Covid-19 immunization. *See* Dkt. 7; Dkt. 1-1. Plaintiff asserts she had a religious exemption, but was still terminated for not getting immunized. *See* Dkt. 7.

***Sua Sponte* Dismissal – Standard on Rule 12 (b).** Pursuant to Fed. R. Civ. P. 12(b), a case may be dismissed for "(1) lack of subject matter jurisdiction; (2) lack of personal jurisdiction; (3) improper venue; (4) insufficient process; (5) insufficient service of process; (6) failure to state a claim upon which relief can be granted; and (7) failure to join a party under

1  Rule 19." Under Fed. R. Civ. P. 12b)(6), a federal court may dismiss a case *sua sponte* when it is
2  clear that the plaintiff has not stated a claim upon which relief may be granted. *See Omar v. Sea-*
3  *Land Serv., Inc.*, 813 F.2d 986, 991 (9th Cir.1987) ("A trial court may dismiss a claim *sua sponte*
4  under Fed. R. Civ. P. 12 (b)(6). Such a dismissal may be made without notice where the claimant
5  cannot possibly win relief."). *See also Mallard v. United States Dist. Court*, 490 U.S. 296, 307-
6  08 (1989) (there is little doubt a federal court would have the power to dismiss frivolous
7  complaint *sua sponte*, even in absence of an express statutory provision). A complaint is
8  frivolous when it has no arguable basis in law or fact. *Franklin v. Murphy*, 745 F.2d 1221, 1228
9  (9th Cir. 1984).

10  **Analysis of Plaintiff's Claims**. Plaintiff brings claims under Title VII of the Civil Rights
11  Act of 1964, the Americans with Disabilities Act ("ADA"), and the Rehabilitation Act of 1973.
12  Dkt. 1-1. Plaintiff does not sufficiently allege that she exhausted her administrative remedies
13  prior to initiating this action. Plaintiff was required to file her claims with the Equal Employment
14  Opportunity Commission ("EEOC") before bringing suit in this Court. *See Jasch v. Potter*, 302
15  F.3d 1092, 1094 (9th Cir. 2002) (EEOC charge required prior to initiating Title VII action);
16  *Santa Maria v. Pacific Bell*, 202 F.3d 1170, 1176 (9th Cir. 2000) (EEOC charge required prior to
17  initiating ADA action); *Wilson v. MVM, Inc.*, 475 F.3d 166, 173 (3rd Cir. 2007) (Rehabilitation
18  Act adopts Title VII procedures). In the proposed complaint, Plaintiff stated the EEOC has not
19  issued a Notice of Right to Sue letter. Dkt. 1-1, p. 6. "In order for a court to have subject matter
20  jurisdiction . . . , an individual is required to exhaust his administrative remedies by . . . 'filing a
21  timely charge with the EEOC, or the appropriate state agency, thereby affording the agency an
22  opportunity to investigate the charge.'" *Arthur v. Whitman Cty.*, 24 F. Supp. 3d 1024, 1031 (E.D.
23  Wash. 2014) (quoting *B.K.B. v. Maui Police Dep't*, 276 F.3d 1091, 1099 (9th Cir. 2002)).
24

Plaintiff states the EEOC has not issued a right-to-sue letter. *See* Dkt. 1-1. The Court directed Plaintiff to show cause why this case should not be dismissed based on Plaintiff's failure to exhaust administrative remedies. Plaintiff has failed to show she was issued a right-to-sue letter from the EEOC or another appropriate state agency. *See* Dkt. 7. The Court finds it does not have sufficient evidence to show Plaintiff exhausted her administrative remedies and that the Court has subject matter jurisdiction over this matter. Therefore, this case should be dismissed.

**Leave to Amend.** Unless it is absolutely clear that no amendment can cure the defect, a *pro se* litigant is entitled to notice of the complaint's deficiencies and an opportunity to amend prior to dismissal of the action. *See Lucas v. Dep't of Corr.*, 66 F.3d 245, 248 (9th Cir. 1995). The Court provided Plaintiff notice of the deficiencies of her proposed complaint and directed her to file a response and a copy of the EEOC right-to-sue letter. Plaintiff has failed to file a response and proposed amended complaint that cures the deficiencies identified by the Court. Accordingly, the Court recommends Plaintiff not be given additional leave to amend. *See Swearington v. California Dep't of Corr. & Rehab.*, 624 F. App'x 956, 959 (9th Cir. 2015) (finding the district court did not abuse its discretion in dismissing without leave to amend because the plaintiff did not cure the complaint's deficiencies despite the district court's specific instructions about how to do so); *see also Fid. Fin. Corp. v. Fed. Home Loan Bank of San Francisco,* 792 F.2d 1432, 1438 (9th Cir.1986) ("The district court's discretion to deny leave to amend is particularly broad where the court has already given the plaintiff an opportunity to amend his complaint.").

**Conclusion.** The Court finds Plaintiff has failed to show this Court has subject matter jurisdiction over her claims. Therefore, the Court recommends the case be dismissed without

prejudice and additional leave to amend not be given. As the Court finds it lacks subject matter jurisdiction, the Court recommends Plaintiff's Application to Proceed IFP be denied.

Pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), the parties shall have fourteen (14) days from service of this report to file written objections. *See also* Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of *de novo* review by the district judge, *see* 28 U.S.C. § 636(b)(1)(C), and can result in a waiver of those objections for purposes of appeal. *See Thomas v. Arn*, 474 U.S. 140, 142 (1985); *Miranda v. Anchondo*, 684 F.3d 844, 848 (9th Cir. 2012) (citations omitted). Accommodating the time limit imposed by Fed. R. Civ. P. 72(b), the Clerk is directed to set the matter for consideration on May 26, 2023, as noted in the caption.

Dated this 5th day of May, 2023.

David W. Christel
Chief United States Magistrate Judge